# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| YJ Health Corporation and Dong Chul Lee | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No.1:14-CV-00252 |
| | ) | Hon. Amy St. Eve |
| Song Wha Korean Red Ginseng Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF PURSUANT TO 15 U.S.C. §1051 *et seq.***

Plaintiffs YJ Health Corporation and Cong Chul Lee (collectively "YJ") file this amended complaint for declaratory judgment against the Defendant Song Wha Korean Red Ginseng Inc. ("Song Wha").

1. YJ seeks declaratory judgment of non-infringement of alleged trademarks and trade dress rights asserted against YJ by Song Wha. YJ further seeks declaratory judgment that any alleged trademark and trade dress rights asserted by Song Wha are invalid and unenforceable.

2. Song Wha has asserted that YJ is infringing Song Wha's alleged common law trademarks and trade dress rights by duplicating the use of the descriptive terms "Ginseng," "Slim," and "Tea" and a slim silhouette design, all in connection with a tea product which incorporates those qualities and/or ingredients. YJ denies that it has infringed any trademark or trade dress right owned by Song Wha or that Song Wha can claim exclusive rights in descriptive and commonly used terms and designs.

## THE PARTIES

3.     YJ Health Corporation is an Illinois corporation with its principal place of business located at 2820 Farmington Road, Northbrook, Illinois 60062.

4.     Dong Chul Lee is an Illinois resident and President of YJ Health Corporation.

5.     On information and belief, Song Wha is an Illinois corporation with its principal place of business at 3436 W. Lawrence Avenue, Chicago, Illinois 60625.

## JURISDICTION AND VENUE

6.     This is an action for declaratory judgment arising under (i) the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq.*; (ii) 15 U.S.C. §1125 *et seq.*; and (iii) 28 U.S.C. §§2201 and 2202 (the "Declaratory Judgment Act"). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338.

7.     Venue of this action is proper in the Northern District of Illinois under 28 U.S.C. §1391(a)(1) and (2) because the parties reside within this jurisdiction and a substantial part of the events giving rise to the claims having occurred and will continue to occur in the Northern District of Illinois.

## FACTUAL BACKGROUND

8.     Dong Chul Lee is President of YJ Health Corporation, the distributor of tea products, including products packaged under the marks GINSENG SLIM TEA and Design and SKINNY SLIM TEA and Design.

9.     Song Wha holds itself out as a distributor of tea products including GINSENG SLIM TEA.

10.     The common elements of the parties' marks, the terms GINSENG, SLIM, and TEA, along with the silhouette of a slim figure, are all used to identify and describe the product and the "slimming" features of the product.

11. YJ and Song Wha are competitors in the marketplace for tea products.

**SONG WHA'S ACTS COMPRISING ACTUAL CONTROVERSY**

12. YJ reiterates and re-alleges the foregoing paragraphs as if fully set forth herein.

13. On June 12, 2013, YJ filed, pursuant to 15 U.S.C. §1051 *et seq*., an application to federally register its trademark GINSENG SLIM TEA and Design for use in connection with ginger tea, ginseng tea and herbal tea (GST Application) with the United States Patent and Trademark Office ("USPTO"). The GST Application was assigned Serial No. 85/957,679 by the USPTO and is currently an active and pending application. *See* the USPTO trademark search results for Serial No. 85/957,679 attached hereto as Exhibit A.

14. On July 2, 1013, YJ filed, pursuant to 15 U.S.C. §1051 *et seq*., an application to federally register its trademark SLIM and Design for use in connection with ginseng tea, herbal tea, tea bags, tea extract and tea for infusions (SLIM Application) with the USPTO. The SLIM Application was assigned Serial No. 86/000,532 by the USPTO and is currently an active and pending application. *See* the USPTO trademark search results for Serial No. 86/000,532 attached hereto as Exhibit B.

15. Months after YJ's federal trademark applications were filed, on October 4, 2013, Song Wha filed a complaint against YJ in Illinois Circuit Court (Cook Co.) asserting that YJ's use of GINSENG SLIM TEA and Design violated the Illinois Trademark Registration and Protection Act (765 ILCS 1036) ("State Claim").

16. Through its State Claim, Song Wha seeks to prohibit YJ from using the mark incorporated in the GST Application currently before the USPTO for federal registration.

17. Song Wha's State Claim seeks to enjoin YJ, require destruction of all product using the GST Application mark or any confusingly similar mark, compensatory damages, profits, treble damages, attorney fees and interest.

18. The Illinois statute, cited in the State Claim, requires an Illinois trademark registration in order to seek relief (764 ILCS 1036/70). Song Wha has not registered any mark under the Illinois statute.

19. The Illinois statute provides that descriptive marks are not subject to registration or protections (765 ILCS 1036/10).

20. The Illinois statute expressly states that the federal Trademark Act is persuasive authority (765 ILCS 1036/90).

21. The federal Trademark Act provides for federal original jurisdiction for all actions arising from 15 U.S.C. §1051 *et seq*. *See*, 15 U.S.C. §1121.

22. A challenge to a federally filed trademark application, filed pursuant to 15 U.S.C. §1051 *et seq*., is provided for under federal law and should be brought in federal court.

23. YJ will seek dismissal of the State Claim for failure to state a claim for which relief can be granted.

24. Song Wha's State Claim constitutes a controversy regarding YJ's right to use the marks covered by the GST Application and SLIM Application and Song Wha's allegations of infringement.

**FIRST CLAIM FOR RELIEF**
**(Unenforceability of Trademark Terms)**

25. YJ reiterates and re-alleges the foregoing paragraphs inclusively as if fully set forth herein.

26. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq.* (the "Trademark Act"), and 28 U.S.C. §§2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exits by way of the credible

threat of immediate litigation and demand to cease and desist manufacture of YJ's product and forbearance of manufacture of other similar products, YJ seeks relief from this Court.

27. YJ requests an order declaring that Song Wha's alleged claim of trademark rights in the descriptive terms "Ginseng," "Slim," and "Tea" asserted by Song Wha are merely descriptive and lacks the requisite legal requirements to be protectable as a trademark.

**SECOND CLAIM FOR RELIEF**
**(Unenforceability of Design)**

28. YJ reiterates and re-alleges the foregoing paragraphs inclusively as if fully set forth herein.

29. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq.*, the Lanham Act, 15 U.S.C. §1125, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of YJ's product and forbearance of manufacture of other similar products, YJ seeks relief from this Court.

30. YJ requests an order declaring that Song Wha's alleged rights in a slim silhouette design is commonly used and not distinctive as used by Song Wha and, thus, lacks the requisite legal requirements to be protectable as a trademark.

**THIRD CLAIM FOR RELIEF**
**(Unenforceability of Trademark and Trade Dress – Product Packaging**

31. YJ reiterates and re-alleges the foregoing paragraphs inclusively as if fully set forth herein.

32. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq.*, the Lanham Act, 15 U.S.C. §1125, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. As an actual justiciable controversy exists by way of

the credible threat of immediate litigation and demand to cease and desist manufacture of YJ's product and forbearance of manufacture of other similar products, YJ seeks relief from this court.

33. YJ requests an order declaring that Song Wha's alleged trademark and trade dress rights for its tea product packaging lacks the requisite legal requirements to be protectable and enforceable.

### FOURTH CLAIM FOR RELIEF
### (Non-Infringement of Trademarks and Trade Dress)

34. YJ reiterates and re-alleges the foregoing paragraphs inclusively as if fully set forth herein.

35. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq.;* 15 U.S.C. §1125, *et seq.;* and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist manufacture of YJ's product and forbearance of manufacture of other similar products, YJ seeks relief from this court.

36. YJ is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark or trade dress rights owned by Song Wha relating to the words GINSENG, SLIM, TEA or the slim silhouette design, either directly or by inducing other to infringe or by contributing to infringement by others.

### REQUEST FOR RELIEF

37. WHEREFORE, YJ seeks judgment awarding it the following relief:

(a) An order declaring Song Wha's alleged trademark for GINSENG SLIM TEA and Design lacks the requisite legal requirements to be protectable as a trademark under the Trademark Act, 15 U.S.C. §1051 *et seq.*

      (b)      An order declaring that YJ has not infringed any valid, distinctive and enforceable trademark or trade dress rights owned by Song Wha relating to tea products;

      (c)      An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to YJ; and

      (d)      An order awarding such other and further relief as this Court deems just and proper.

Dated: January 14, 2014　　　　　　　　　　Respectfully submitted,

                                                  /JOAN L. LONG/  
                                         Joan L. Long  
                                         Grant H. Peters  
                                         BARNES & THORNBURG LLP  
                                         One North Wacker Drive, Suite 4400  
                                         Chicago IL  60606  
                                         T-312.214.4576  
                                         F-312.759.5646  
                                         jlong@btlaw.com  
                                         Attorneys for Plaintiffs YJ Health Corporation and Doug Chul Lee